IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN ALFRED GRIMES, V. #01964424 | § | |
| VS. | § | CIVIL ACTION NO. 6:23-526 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action challenging a disciplinary proceeding in the Michael Unit and has paid the fee. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition and Relevant Background**

Petitioner asserts that he was found guilty on an uncertain date of disciplinary offense "disobey order to assault." (Dkt. #1 at 5.) He was punished with a demotion to more severe custody restrictions and "other issued punishments," which he does not specify. (*Id.*) According to Petitioner, this conviction violated his procedural constitutional rights in several ways: (1) his counsel substitute prevented him from being able to attend his disciplinary hearing by falsely stating he refused to sign a form after Petitioner expressed interest in submitting the Bible into evidence; (2) Petitioner was not permitted to attend the hearing and question witnesses; (3) excluding Petitioner from the hearing violated his right to call other witnesses and offer evidence in his defense; (4) his counsel substitute failed to offer evidence regarding what he believes to be

relevant Biblical scripture and his mental health status; and (5) authorities failed to consult with mental health professionals before convicting Petitioner. (Dkt. #1 at 6–8.) Petitioner seeks a finding that his procedural rights were violated and to be restored to his prior custody level. (*Id.* at 7.)

Petitioner acknowledges that he is serving a thirty-five-year sentence imposed in 2014, and he is not eligible for release on mandatory supervision. (*Id.* at 2, 5.) Publicly available records of the TDCJ confirm that Petitioner is serving a thirty-five-year sentence for murder, and that he has a projected release date of November 29, 2048. *See* Inmate Information Details, available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08415390 (last visited Nov. 13, 2023).

## II. Standard of Review

The Rules Governing Section 2254 case require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The federal writ of habeas corpus is available only when an inmate in custody on a state conviction establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). *Pro se* habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

**III. Discussion and Analysis**

The threshold consideration in this case is whether Petitioner has stated or presented the denial of a constitutionally protected right sounding in habeas. He has not. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property; because neither Petitioner's life nor property interests are at stake, the pertinent question here is "whether he had a liberty interest that the prison action implicated or infringed." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015); *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007).

The Fifth Circuit has held that a variety of prison administrative decisions do not create constitutionally protected liberty interests. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Likewise, the imposition of commissary, recreation, and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (unpublished); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship … in relation to the ordinary incidents of prison life.'") (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Accordingly, even if the more restrictive custody

level to which Petitioner was moved upon his conviction involves these restrictions, it does not present the denial of a constitutional right.

Petitioner does not state whether he lost any sentence credits as the result of his conviction. Under certain circumstances, the loss of accrued credits could inflict punishment imposing an atypical and significant hardship upon an inmate—because the loss of such time could result in the denial of a liberty interest in early release from prison. This is true where an inmate is eligible for release on mandatory supervision. *See Madison*, 104 F.3d at 768.

Here, however, Petitioner is not eligible for mandatory supervision due to his conviction for murder. *See* Tex. Gov't Code § 508.149(a)(2) (providing that defendants convicted of murder robbery are not eligible for mandatory supervision). Accordingly, even a loss of sentence credits in this case would not implicate due process concerns. *See Stewart v. Cain*, 308 F. App'x 748, 750 (5th Cir. 2009) (unpublished) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutionally protected interest in previously earned good-time credits.").

Petitioner's habeas petition thus does not implicate or challenge the legality of his confinement. As a result, there are no available habeas remedies, and the petition should be dismissed.

## IV. Conclusion

For the reasons explained above, Plaintiff has not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. The Court should therefore deny Petitioner's requested relief and dismiss his petition.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.*

Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).

Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, the undersigned recommends that Petitioner's federal habeas corpus petition be denied and this action be dismissed with prejudice. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of November, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE