IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN ALFRED GRIMES, V, #01964424, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:23-cv-526-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner John Alfred Grimes, V, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary conviction. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On November 13, 2023, Judge Mitchell issued a Report recommending that the petition be denied on the merits, that this action be dismissed with prejudice, and that a certificate of appealability be denied. Docket No. 5. Petitioner filed written objections. Docket No. 7.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge recommends dismissal because Petitioner, who is not eligible for release on mandatory supervision, cannot establish any federal violation in connection with his disciplinary conviction that affects the fact or length of his incarceration. Docket No. 5 at 3–4. Accordingly, Petitioner does not raise any claim for which federal habeas relief would lie. *Id.* at 4.

Petitioner's objection argues at length that his due process rights were violated in the course of his disciplinary proceedings and that he lost several privileges as a result of his conviction. Docket No. 7. But he does not and cannot establish that his conviction affects the fact or duration of his confinement as necessary to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" and thus entitled to federal habeas relief. 28 U.S.C. § 2254(a). He suggests that a disciplinary conviction might increase the likelihood of an unfavorable parole determination at some point in the future (Docket No. 7 at 4), but Texas prisoners have no constitutional right to parole for which a habeas action will lie. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined

that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 7) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **15th** day of **December, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE